UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 12-50066-JLV |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION |
| vs. | ) | FOR JUDGMENT OF |
| | ) | ACQUITTAL OR NEW TRIAL |
| ALEX LEE SALWAY, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

On June 20, 2013, a jury found defendant Alex Lee Salway guilty of two counts of distribution of a controlled substance. (Docket 98). Mr. Salway moves the court for a judgment of acquittal or, in the alternative, for a new trial on both counts. (Docket 103). The government resists the motion in its entirety. (Docket 106). For the reasons set forth below, the court denies Mr. Salway's motion in its entirety.

**FACTUAL AND PROCEDURAL HISTORY**

The court limits its recitation to those facts necessary to resolve the pending motion. In its discussion on the merits of the motion, the court will provide additional facts as needed.

On June 19, 2012, the government indicted Mr. Salway on two counts of distribution of a controlled substance. (Docket 1). Count I of the indictment alleges:

> On or about January 27, 2012, at Martin, in the District of South Dakota, the defendant, Alex Lee Salway, did knowingly and intentionally distribute morphine, a Schedule II controlled substance, within 1,000 feet of the real property comprising Martin Grade School, a public elementary school, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a).

(Docket 1 at p. 1). Count II of the indictment alleges:

> On or about January 27, 2012, at Martin, in the District of South Dakota, the defendant, Alex Lee Salway, did knowingly and intentionally distribute morphine, a Schedule II controlled substance, within 1,000 feet of the real property comprising Martin Grade School, a public elementary school, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a).

Id. at pp. 1-2.

A jury trial commenced on June 18, 2013. The jury heard testimony from various witnesses including Special Agent Lyle Tolsma, Dana Frederick, Harvey Hahn, and Richard Wold. Three recorded phone calls and two recordings of the controlled buys were admitted into evidence, along with the morphine pills purchased during each transaction.

Dana Frederick testified at trial she bought morphine pills from Mr. Salway on two separate occasions on January 27, 2012, while working as a confidential informant for the South Dakota Division of Criminal Investigation. Ms. Frederick testified she made each purchase at Mr. Salway's apartment. During each purchase, Ms. Frederick wore a recording device. Agent Tolsma testified Mr. Salway's apartment is located in Martin, South Dakota, and is less that 1,000 feet from the Martin Grade School. Richard Wold testified the pills

2

obtained by Ms. Frederick during the controlled buys tested positive for morphine and that morphine is a Schedule II controlled substance.

Mr. Salway argues the government failed to present adequate evidence that he knowingly and intentionally distributed morphine to another person. Mr. Salway contends Ms. Frederick was not a credible witness and therefore her testimony was not sufficient to find beyond a reasonable doubt that he knowingly and intentionally distributed morphine. Mr. Salway also claims the audio records were "unintelligible at their most important point" and it was "not reasonable to rely on the recordings as proof beyond a reasonable doubt" regarding Mr. Salway's distribution of morphine pills. (Docket 104 at p. 4)

In the alternative, Mr. Salway asserts he is entitled to a new trial pursuant to Fed. R. Crim. P. 33(a) because the evidence weighs heavily against the verdict. Id.

## ANALYSIS

### A. Motion for Judgement of Acquittal

Fed. R. Crim. P. 29(c) gives the district court authority to set aside a guilty verdict and enter an acquittal upon a defendant's post-trial motion. "A district court has very limited latitude in ruling upon a motion for judgment of acquittal." United States v. Baker, 367 F.3d 790, 797 (8th Cir. 2004) (citation and internal quotation marks omitted). "A motion for judgment of acquittal should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable

3

doubt." United States v. Boesen, 491 F.3d 852, 855 (8th Cir. 2007) (citations and internal quotation marks omitted). This standard is very strict, and the court should not overturn a jury verdict lightly. Id.

The district court must enter an acquittal if the evidence presented at trial is insufficient to sustain a conviction. Id. Evidence may be direct or circumstantial. Baker, 367 F.3d at 798. "Evidence supporting a conviction is sufficient if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Boesen, 491 F.3d at 856 (citation and internal quotation marks omitted). The district court must not weigh the evidence or assess the credibility of witnesses. Baker, 367 F.3d at 797; see also Boesen, 491 F.3d at 857 ("In ruling on a motion for a judgment of acquittal, the role of the court is not to weigh the evidence . . . but rather to determine whether the Government has presented evidence on each element to support a jury verdict.") (citations and internal quotation marks omitted) (ellipses in original). The court will not upset the jury's determination of the credibility of the witnesses without extraordinary circumstances. United States v. Hakim, 491 F.3d 843, 845-46 (8th Cir. 2007); United States v. Hayes, 391 F.3d 958, 961 (8th Cir. 2004). The district court "views the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." Boesen, 491 F.3d at 856. In short, the court upholds the jury verdict if "drawing all reasonable inferences in favor of the verdict, there is an

4

interpretation of the evidence that would allow a reasonable minded jury to find the defendant[] guilty beyond a reasonable doubt." Id. (citations and internal quotation marks omitted; alteration in original).

The jury found Mr. Salway guilty of two counts of distribution of morphine in a school zone in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a).  To prove the charge, the government had to prove Mr. Salway knowingly and intentionally distributed morphine to another person, that Mr. Salway distributed morphine in Martin, in the District of South Dakota, that Mr. Salway distributed morphine within 1,000 feet of a public elementary school, and that morphine is a Schedule II controlled substance.

Mr. Salway argues the government failed to prove he knowingly and intentionally distributed morphine.  In support of this position, Mr. Salway contends Dana Frederick, the confidential informant, was not a credible witness because she had admitted to stealing from a former employer, desired to obtain some leniency for this theft by working as an informant, and admitted to using controlled substances while working as an informant.

Mr. Salway's entire argument related to Ms. Frederick goes to her credibility.  The court is not free to assess the credibility of Ms. Frederick. Baker, 367 F.3d at 797.  The court instructed the jury on the credibility of witnesses generally, and instructed the jury specifically on the testimony of Ms. Frederick, noting "[w]hether or not her information or testimony may have been influenced by a benefit she received" was for the jury to decide.  (Docket 95 at

5

pp. 17-18, 20. Having heard the testimony of Ms. Frederick, the jury chose to convict Mr. Salway on both counts of distribution. There are no extraordinary circumstances compelling the court to reject the jury's assessment of the facts or Ms. Frederick's credibility.

Mr. Salway also argues the audio recordings were unintelligible at the point the alleged transactions were said to have occurred. Mr. Salway contends because the recordings were unintelligible, they could not constitute proof beyond a reasonable doubt that Mr. Salway knowingly and intentionally distributed morphine. Mr. Salway submitted a motion *in limine* on this same topic and made this same argument during the pretrial conference. (Docket 69). The court, after listening to the audio recordings and reviewing the transcripts of those recordings, denied Mr. Salway's motion *in limine* to exclude the recordings. (Docket 90 at ¶ 2). Prior to playing the audio recordings, the court read a cautionary instruction to the jurors which said in part:

> It is what you hear, however, and not what you read, that is the evidence.
>
> You are specifically instructed that whether the transcript correctly or incorrectly reflects the conversations is entirely for you to decide based upon your own examination of the transcript in relation to what you hear on the recordings. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Having viewed the record in the light most favorable to the government as well hearing the testimony and evidence during the course of trial, the court

6

finds there was sufficient evidence allowing the jury to determine the defendant's guilt beyond a reasonable doubt. Mr. Salway's motion for judgment of acquittal is denied.

**B.     Motion for a New Trial**

Fed. R. Crim. P. 33(a) gives the district court authority to vacate a judgment and grant a new trial in the interest of justice and only upon a defendant's post-trial motion. The decision to grant or deny a Rule 33 motion "is within the sound discretion of the [district] court." United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002). The court's discretion is both broad and limited. Id. It is broad to the extent the court "can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." Id. (citation and internal quotation marks omitted). Additionally, "the court need not view the evidence most favorably to the verdict." United States v. Worman, 622 F.3d 969, 977 (8th Cir. 2010); United States v. Lacey, 219 F.3d 779, 783-84 (8th Cir. 2000) (In determining whether to grant a Rule 33 motion, "the court need not view the evidence in the light most favorable to the government, but may instead weigh the evidence and evaluate for itself the credibility of the witnesses.").

The court's discretion is limited to the extent the court must allow the jury's verdict to stand unless it determines a miscarriage of justice will occur. Id.; see also United States v. McCraney, 612 F.3d 1057, 1064 (8th Cir. 2010)

7

("Where a defendant moves for a new trial on the grounds that the verdict is contrary to the weight of the evidence, the district court should grant the motion if the evidence weights heavily enough against the verdict that a miscarriage of justice may have occurred.") (citation and internal quotation marks omitted); Worman, 622 F.3d at 978 ("A district court will upset a jury's finding only if it ultimately determines that a miscarriage of justice will occur."); United States v. Camacho, 555 F.3d 695, 705 (8th Cir. 2009) ("[A] new trial motion based on insufficiency of the evidence is to be granted only if the weight of the evidence is heavy enough in favor of acquittal that a guilty verdict may have been a miscarriage of justice."). Because a motion for new trial based on the weight of the evidence is "generally disfavored," the district court should use its authority to grant a Rule 33 motion "sparingly and with caution." Campos, 306 F.3d at 579 (citations and internal quotation marks omitted).

Mr. Salway argues the evidence presented at trial weighs "heavily . . . against the verdict." (Docket 104 at p. 4). Mr. Salway's argument is based again on Ms. Frederick's credibility and the audio recordings admitted at trial. Id. Mr. Salway's arguments are not persuasive. During the course of trial, the government introduced substantial evidence Mr. Salway knowingly and intentionally distributed morphine. This evidence consisted of testimony by Ms. Frederick that she purchased pills on two occasions at Mr. Salway's

8

apartment.  These transactions were recorded in a way sufficiently clear and intelligible.  Having reviewed the record in this case, and given the testimony and evidence presented at trial, the court finds the weight of the evidence supports a finding of guilt, and there is no risk that a miscarriage of justice has occurred.  Mr. Salway's motion for a new trial is denied.

## CONCLUSION

The evidence was sufficient for a reasonable jury to find Mr. Salway guilty beyond a reasonable doubt.  Additionally, after examining the evidence, the interest of justice does not require that a new trial be granted.  Accordingly, it is

ORDERED that Mr. Salway's motion for judgment of acquittal or, in the alternative, motion for a new trial (Docket 103) is denied.

Dated September 8, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE